Gaston, J.
 

 Moses Woodruff, of the county of Surry, died in the year 1817, having by his last will and testament bequeathed to his wife Elizabeth, “ the labor of his negro wench Sarah, so long as the said Elizabeth should live, and at her death, the negro wench to his daughter Mary McBride.” The executors, John A. Woodruff and John McBride, proved the will and assented to the legacy. Mary McBride was, at the death of the testator, the wife of John McBride, and so continued until sometime after the year 1827, and before the year 1837, when her husband died, having by his last will, bearing date the 2d October, 1821,
 
 *613
 
 made or attempted to make a disposition of the said Sarah, then in the possession of his mother in-law to-his three sisters-in-law, Lydia Pace, Hannah Moore and Phebe Bryan. In 1837 Elizabeth Woodruff died, and in 1239 this bill was filed by Mary McBride against Aaron Woodruff and Richard Choate, in which she charges, that in the Fall of the year 1827, while Elizabeth Woodruff, the tenant for life, had possession of the negro woman Sarah and- also of two children which had been born of the said Sarah after the death of the testator, one a boy of six and the other a girl of four years of age, a combination was made between the said Elizabeth, the defendant Aaron and one Isham Choate, to deprive and defeat the plaintiff of her estate in remainder, in the said Sarah and her children. The plaintiff charges, that, in furtherance of this scheme, the said Elizabeth, who was aged and very weak of intellect, by the persuasion of the said Aaron and Isham, who perfectly knew that she had but an interest for life in the said slaves, was induced to execute a deed purporting t.o transfer the said slaves absolutely and forever unto the said Isham, which deed was attested by the said Aaron, and recites a consideration of $>300 as paid to the said Elizabeth ; that thereupon the said Aaron clandestinely and in the night removed the said "slaves out of the neighborhood to a place for that purpose appointed, where they were received by the sajd Isham, who carried them out of the State to his residence in Georgia, and thence to parts unknown, where they were sold. The bill charges, that the removal of the slaves out of the State was conducted with such .cunning and address, that the plaintiff has been unable, until within a few months before filing the bill, to ascertain by whom the same was effected ; that Elizabeth Woodruff died in the county of Surry in 1837, intestate and insolvent, and no administration has been granted on her estate; that Isham Choate died in Georgia recently, intestate, and there being personal effects of the said Isham in this State, administration of those effects has been granted here to the defendant Richard Choate, who hath possessed himself thereof to the value o.f $2,COO. The bill further char
 
 *614
 
 ges, that the slaves, after they were carried away, much increased in number; that they and their increase are still in existence, but by whom held the plaintiff cannot ascertain, and that the late Isham Choate sold them absolutely and at a high price. The prayer of the bill is, that the defendants may be decreed to pay to the plaintiff the sum, at which the said slaves were sold, and the interest thereon since the doath of Elizabeth Woodruff, the tenant for life.
 

 The defendant Aaron Woodruff denies by his answer in the most positive and precise terms any participation in the alleged scheme to carry off the slaves referred to in the bill, or any knowledge thereof. The other defendant states in his answer, that Isham Choate at his death owned two slaves in this State; that the defendant obtained letters of administration on the estate of the said Richard here, took the said slaves into his possession, and sold them, and that these were the only effects of the deceased which came to his hands as administrator, and he then avers that he hath fully administered the said effects, and sets forth an account of his administration. He denies that the said Isham Choate carried off or sold the slaves as charged in the bill, and insists that the plaintiff, at the death of the tenant for life, did not own the residuary interest of the said slaves, but that the same had vested in her husband while living, and was effectually disposed of by his will.
 

 The proofs do not establish the charge in the bill against the defendant Woodruff. The only evidence which tends to implicate him, is that of a single witness, Samuel Bangus, who deposes that, after Isham Choate’s death, he saw among his papers in Georgia an instrument purporting to have been executed by Elizabeth Woodruff to said Isham for a negro woman and two children, and that this instrument purported to be attested by Aaron Woodruff, but he does not know that the signature was that of the defendant Aaron. As to him therefore the bill must be dismissed with costs. The proofs are satisfactory that Isham Choate got the negroes from Elizabeth Woodruff, carried them off clandestinely to Georgia, and thence removed them to New Orleans for the
 
 *615
 
 purpose of selling them, and that this was done with-full knowledge that the said Elizabeth had but a life estate in them, and with intent to keep to himself the full price thereof. It is clear that the plaintiff ought to have some redress for this injury, and it is just that Isham Choate’s estate should refund this dishonest gain. But the defendant Richard is administrator only of that part of the estate, which was, at the death of the intestate, in North Carolina, and according to the account exhibited, hath fully administered it. The plaintiff is entitled to a reference, if she disputes the account, but if she admits it, her bill must also be dismissed againsL this defendant. Should the plaintiff take the reference on the administration account, it will be proper to have a reference also to ascertain what was the price which Isham Choate received for the negroes, and whether these negroes or any of them or their increase born since the sale of them were alive at the death of Elizabeth Woodruff.
 

 There is no weight in the objection made that the interest in remainder vested in the plaintiff’s husband while alive, and after his death passed by his will.
 
 Poindexter v Blackburn,
 
 1 Ired. Eq. Repts. 286.
 
 Bardie
 
 v
 
 Cotton, Ibid,
 
 61.
 
 Revel
 
 v
 
 Revel,
 
 2 Dev. & Bat. 271.
 

 It may be, that in a case like this, relief might be had at law, but for the reasons stated in the case of
 
 Cheshire v Cheshire and Henderson,
 
 decided at this term, it is a fit one also for the jurisdiction of a Court of Equity.
 

 Per Curiam. Decree accordingly.